IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

SHARI R. WETHINGTON                                                                PLAINTIFF
855 Culver Lane
New Haven, Kentucky 40051

Case No. 3:17-cv-687-TBR

Senior Judge Thomas B. Russell

v.

EQUIFAX INFORMATION SERVICES, LLC                                      DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                         421 W. Main Street
                         Frankfort, Kentucky 40601
                         (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:    The Prentice Hall Corporation System
                         421 W. Main Street
                         Frankfort, Kentucky 40601
                         (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

      Comes the Plaintiff, Shari R. Wethington, and for her Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans

Union") and states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out Defendant's false reporting of and failure to investigate Plaintiff's disputes regarding alleged late payments on her account.

## II. PARTIES

2. Plaintiff, Catherine S. Hall, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 209 Kentucky Court, Mt. Washington, Kentucky 40047.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency "that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

8. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9. Trans Union is regularly engaged in the business of assembling, evaluating and

dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

10. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Nelson County, Kentucky as a result of the Defendants doing business in Nelson County, Kentucky.

### IV. FACTUAL BACKGROUND

11. In or around August 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax and Trans Union credit report and discovered a tradeline showing an alleged GLA medical collections account.

12. Immediately upon discovery of the tradeline, Plaintiff disputed the tradeline with Equifax and Trans Union. Specifically, Plaintiff disputed GLA COLLECTION CO INC account number 8291360011766***, and requested that Equifax and Trans Union investigate and delete the tradelines.

13. In or around September 2017, Equifax and Trans Union, despite Plaintiff's dispute of the foregoing tradeline, failed to investigate the tradeline and, consequently, failed to delete or reinserted the tradeline on Ms. Wethington's Trans Union credit report in or around October 2017.

14. Equifax and Trans Union's failure to investigate Plaintiff's disputes and their failure to delete and/or amend their reporting of the subject tradeline has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax and Trans Union's failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject tradeline. In addition, Plaintiff has suffered humiliation and emotional

distress.

## V. CLAIMS

### Negligence - Equifax

15. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16. Equifax's failure to investigate Plaintiff's dispute and its failure to remove the disputed item from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to investigate Plaintiff's dispute and in failing to remove disputed item Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

17. Equifax's negligent failure to investigate Plaintiff's dispute and to remove the disputed item from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

18. Equifax's failure to investigate Plaintiff's dispute and to remove the disputed item from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

19. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the disputed item from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans

4

Union of the falsity of the report, was negligent. In failing to investigate Plaintiff's dispute and in failing to remove disputed item Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

21. Trans Union's negligent failure to investigate Plaintiff's dispute and to remove the disputed item from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

22. Trans Union's failure to investigate Plaintiff's dispute and to remove the disputed item from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation - Equifax

23. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others that the above-listed account is past due. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

25. Equifax's publication of false statements regarding Plaintiff's creditworthiness and her alleged late payment amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

26. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others that the above-listed account is past due. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

28. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and her alleged late payment amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act - Equifax

29. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed items, and its violation of 15 U.S.C. §1681i(a)(1)(A) are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

31. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

32. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33. Trans Union's failure to properly investigate the disputed item and its consequent

failure to delete or amend its reporting of the disputed items, and its violation of 15 U.S.C. §1681i(a)(1)(A) are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

34.  Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

35.  Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.  Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item, and its violation of 15 U.S.C. §1681i(a)(1)(A) are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37.  Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

38. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

39. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item, and its violation of 15 U.S.C. §1681i(a)(1)(A) are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

41. Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

42. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Shari R. Wethington, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Shari R. Wethington, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Shari R. Wethington

STATE OF KENTUCKY            )
                             ) SS
COUNTY OF NELSON             )

Subscribed, sworn to and acknowledged before me by Shari R. Wethington this 14th day of November, 2017.

_____
Notary Public

Commission expires: 3-23-2019